JUSTICE RICE
dissenting.
¶29 I believe the Court has erred in concluding that this case should be reversed and remanded for application of “the standards set forth in the PKPA in determining which state properly has jurisdiction,” because that question is not yet before the Court.
¶30 The Court correctly notes that the PKPA sets forth jurisdictional guidelines in the face of competing custody decisions by sister states. However, the issue before this Court, as before the District Court, is not, at least yet, which of two competing state custody decrees should be enforced, but whether an initial custody decree could validly issue in Montana, and whether it could be enforced by a contempt order. Determining whether a state has properly acted under the PKPA *86 requires application of the two-prong test of 28 U.S.C. § 1738A(f)(1) and (f)(2), the first prong of which requires a determination that a state has jurisdiction under its own laws to exercise custody. See 28 U.S.C. § 1738A(c)(1). That is the issue we are now trying to resolve under Montana law. As Appellant himself argues, “[t]he Montana contempt order against Father should be vacated as the Montana court had no jurisdiction in which to issue it.”
¶31 I disagree with Appellant’s arguments and would affirm the District Court’s order as a valid exercise of custody jurisdiction based upon proper factfinding, for which we remanded in Fontenot I. The parties may then choose to litigate the proper application of the PKPA to two competing custody decrees for a determination of which custody order must prevail.